**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIQUET TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>Defendant. | Civil Action No. 25-4143 (EGS) |

**MEMORANDUM OPINION AND ORDER**

This case arises from an accident that occurred on a Metrobus on July 8, 2025.[1] Plaintiff Miquet Taylor ("Ms. Taylor") was a passenger on a Metrobus operated by Defendant Washington Metropolitan Area Transit Authority ("WMATA"). Compl., ECF No. 1-4 ¶ 2.[2] She alleges that she was injured when the driver "initiate[d] the handicap ramp and caus[ed] it to collide and hit [her] leg, causing [her] to sustain serious personal injuries." *Id.* Ms. Taylor alleges that she injured her right ankle and right shin due to the accident. *Id.* ¶ 5.

---

[1] The date of the accident alleged in the Complaint is January 8, 2025. *See* Compl., ECF No. 1-4 ¶ 2. However, the parties agree that this was an error and the correct date of the accident is July 8, 2025. *See* Reply to Counterstatement, ECF No. 13 at 3.
[2] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

Pending before the Court is WMATA's Motion for Summary Judgment. *See* Mot. for Summ. J. ("Mot."), ECF No. 6. For the reasons explained below, the Court **DENIES** WMATA's motion.

## I. Factual and Procedural Background

As a preliminary matter, because the Court is considering WMATA's Motion for Summary Judgment, it will construe the facts in light most favorable to Ms. Taylor. *See Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). However, because there is video evidence in this case that the parties agree has not been altered, the Court must also "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007); *see also Thomas v. Wash. Metro. Area Transit Auth.*, Case No. 8:25-cv-00145-TJS, 2025 WL 2781481, at *3 (D. Md. Sept. 29, 2025) ("When there is videographic evidence that the parties agree has not been altered, the court should view that evidence to ensure the facts as alleged by the nonmoving are not inconsistent with the facts captured by an unaltered video." (citation modified)).

On the date of the accident, Ms. Taylor was a passenger on a Metrobus. *See* Counterstatement, ECF No. 12 ¶ 1. Prior to exiting the bus, Ms. Taylor is seen in the video footage bending down behind the driver in the entryway of the bus. *Id.* ¶ 3; Exhibit 1 to Mot. ("Video"), ECF No. 6-1 at 1:19. Two seconds later, while Ms. Taylor is still bent down, the warning system

for the wheelchair lift activates. *See* Video, ECF No. 6-1 at 1:21.[3] One second later, Ms. Taylor stood up, approached the exit of the bus, and walked into the wheelchair lift. *See id.* at 1:22.

Ms. Taylor filed her Complaint in the Superior Court of the District of Columbia on November 5, 2025. *See Taylor v. Wash. Metro. Area Transit Auth.*, 2025-CAB-007351 (D.C. Super. Ct. Nov. 5, 2025). WMATA removed the case to this Court on November 26, 2025. *See* Notice of Removal, ECF No. 1. On December 4, 2025, WMATA filed their Motion for Summary Judgment. *See* Mot., ECF No. 6. Ms. Taylor filed her Opposition to the Motion for Summary Judgment on December 16, 2025. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. & Req. for Hr'g ("Opp'n"), ECF No. 8, 9. The same day, Ms. Taylor filed an errata that included the exhibit to which she refers in her Opposition. *See* Errata, ECF No. 10. On December 23, 2025, WMATA filed their reply. *See* Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Reply"), ECF No. 11.

On October 7, 2026, pursuant to the Court's Minute Order, *see* Order (Sept. 23, 2026); Ms. Taylor filed her Counter

---

[3] In their original Statement of Material Facts Not in Dispute, *see* ECF No. 6-2; WMATA states that the beeping is audible at 1:19. However, in their reply to Ms. Taylor's Counterstatement, it denies that it was audible at 1:19 and states that it was audible at 1:21. *See* Reply to Counterstatement, ECF No. 13 ¶ 4. The Court will continue to use the corrected timestamps when referring to the video evidence, which the Court has independently corroborated.

Statement of Disputed Facts. *See* Counterstatement of Disputed Facts ("Counterstatement"), ECF No. 12. The same day, WMATA filed their Reply to Ms. Taylor's Counterstatement of Disputed Facts. *See* Reply to Pl.'s Counterstatement of Disputed Facts ("Reply to Counterstatement"), ECF No. 13.

The motion is ripe and ready for the Court's adjudication.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "material" fact is one that could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the burden of "informing the district court of the basis for its motion" as well as "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted); *see also* FED. R. CIV. P. 56(c)(1)(A).

To defeat summary judgment, the nonmoving party must "go beyond the pleadings" and "designate specific facts showing that

there is a genuine issue [of material fact] for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). In evaluating a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, the nonmoving party's opposition "must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence" in the record. *Musgrove v. District of Columbia*, 775 F. Supp. 2d 158, 164 (D.D.C. 2011); *see also Celotex Corp.*, 477 U.S. at 324. If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). "[W]here video evidence is available, if a nonmoving party at summary judgment adopts a position blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of summary judgment." *Scott*, 550 U.S. at 380.

## III. Analysis

### A. There is a Genuine Dispute of Material Fact as to Whether Ms. Taylor was Contributorily Negligent

WMATA argues that Ms. Taylor was contributorily negligent and therefore cannot recover for her injuries. *See* Mot. for Summ. J., ECF No. 6-1 at 3–4. Ms. Taylor disagrees, reasoning

that based on the evidence provided by WMATA, a reasonable factfinder could conclude that she was not contributorily negligent. *See* Opp'n, ECF No. 9 at 6.

"Contributory negligence is conduct which falls below the standard to which a plaintiff should conform for his own protection." *Wash. Metro. Area Transit Auth. v. Cross*, 849 A.2d 1021, 1024 (D.C. 2004) (citation omitted). In the District of Columbia, "the contributory negligence of the plaintiff is a complete bar to recovery." *Elam v. Ethical Prescription Pharmacy, Inc.* 422 A.2d 1288, 1289 n.2 (D.C. 1980). The question of contributory negligence "is almost always a question of fact for the jury." *Smith v. Wash. Sheraton Corp.*, 135 F.3d 779, 786 (D.C. Cir. 1998). "Only in exceptional cases, where the facts are undisputed and where but one reasonable inference can be drawn, is the trial court justified in holding that . . . contributory negligence has been established as a matter of law." *Singer v. Doyle*, 236 A.2d 436, 437 (D.C. 1967).

The Court disagrees that the video, which is the only evidence provided by WMATA in support of their Motion for Summary Judgment, is evidence that is "so clear and undisputed that fair-minded men can draw only one conclusion." *See* Mot., ECF No. 6-1 at 4 (citing *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 132–33 (D.D.C. 2011) (citation modified)).

First, the video does not show the wheelchair lift itself. *See generally* Video, ECF No. 6-1. In her Opposition, Ms. Taylor argues that another passenger exited the bus ahead of her, and that "[s]he had no reason to believe that between the exit of the first passenger and her attempted exit there would be deployment of the wheelchair ramp," but that the driver deployed the ramp "so quickly" after the first passenger exited that she had "no indication that exiting the bus was not 'business as usual.'" Opp'n, ECF No. 9 at 6. In response, WMATA states that Ms. Taylor offered "conclusory statements that are not supported by [their] video evidence," Reply, ECF No. 11 at 3; but it is not possible to know when the lift itself started moving or how quickly it moved from the video alone. Without being able to see the lift itself, the Court cannot determine what Ms. Taylor actually saw when she was looking down while approaching the door. *See* Reply to Counterstatement, ECF No. 13 ¶ 7 (noting the disputed fact of where Ms. Taylor was looking when approaching the exit of the bus after the warning sound played). Second, from the video alone, it is not clear how obvious the warning signal was to the bus passengers. The video shows that loud music was playing during the relevant time, and Ms. Taylor was standing behind the bus driver's booth at the time the warning signal activated. *See generally* Video, ECF No. 6-1.

The Court notes that WMATA filed the Motion for Summary Judgment before any discovery was conducted, a little over a week after removing the case from Superior Court. *See* Opp'n, ECF No. 9 at 1–2. Summary judgment is ordinarily proper "only after the plaintiff has been given adequate time for discovery." *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (citing *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). The evidence presented to the Court is insufficient to grant summary judgment to WMATA because a reasonable factfinder could find that Ms. Taylor was not contributorily negligent. Moreover, should the factfinder ultimately determine that Ms. Taylor was not contributorily negligent, she argues that because she has not had the opportunity to conduct discovery, she cannot uncover evidence that would support her other arguments that WMATA was negligent. *See* Opp'n, ECF No. 9 at 5; *see 1443 Chapin Street, LP v. PNC Bank*, 258 F.R.D. 186, 188 (D.D.C. 2009) (noting that it would be premature to grant summary judgment before the plaintiff "had the opportunity to uncover the necessary factual support for [their] arguments against summary judgment").

Although Ms. Taylor's claims against WMATA might not succeed, at this juncture, it is premature to grant summary judgment to WMATA before Ms. Taylor has had the opportunity to gather evidence to support her claims through discovery.

## IV. Conclusion and Order

For the reasons explained above, it is hereby

**ORDERED** that WMATA's Motion for Summary Judgment, ECF No. 6, is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**October 26, 2026**